# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3102

_____

United States of America,　　　　　＊
　　　　　　　　　　　　　　　　　　　＊
　　　　　　　Appellee,　　　　　　　　＊
　　　　　　　　　　　　　　　　　　　＊　Appeal from the United States
　　　v.　　　　　　　　　　　　　　　＊　District Court for the
　　　　　　　　　　　　　　　　　　　＊　Northern District of Iowa
Bulmaro Aispuro-Guadiana,　　　　　　＊
　　　　　　　　　　　　　　　　　　　＊　　　　　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　　　　＊

_____

Submitted: May 7, 2004

Filed: May 25, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Bulmaro Aispuro-Guadiana (Aispuro) appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa after he entered an Alford plea[2] to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841. The district court sentenced Aispuro to 63 months imprisonment and 4 years

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

[2]See North Carolina v. Alford, 400 U.S. 25 (1970) (guilty plea coupled with claims of innocence).

supervised release. Counsel has moved to withdraw on appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that the district court plainly erred in conducting the plea and sentencing hearings without certified interpreters. For the reasons discussed below, we affirm the judgment of the district court.

The Court Interpreters Act requires judicial officers in judicial proceedings instituted by the United States to "utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available . . . the services of an otherwise qualified interpreter." See 28 U.S.C. § 1827(d)(1). Because Aispuro did not object at the plea or sentencing hearing to the court's failure to use a certified interpreter--and in fact approved the interpreters provided--we review for plain error. See United States v. Gonzales, 339 F.3d 725, 728 (8th Cir. 2003) (plain error is clear under current law and affects defendant's substantial rights). We find insufficient evidence to demonstrate that the court's decision to use qualified but uncertified interpreters affected Aispuro's substantial rights: there is no indication in the record that the interpreters and Aispuro had communication problems, or that any confusion on Aispuro's part stemmed from any translation error; the plea hearing transcript supports that Aispuro ultimately understood his Alford plea and desired the benefits it yielded; and counsel offers no other evidence that the plea was not knowing, voluntary, and intelligent. See id. at 729 (because defendant pointed to no evidence that his plea agreement was not entered into knowingly, voluntarily, and intelligently, defendant failed to show that district court's error in using uncertified interpreters affected his substantial rights).

We have reviewed the record independently for any nonfrivolous issues, see Penson v. Ohio, 488 U.S. 75 (1988), and we have found none.

Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____